# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>ALEXANDRE IVOV MARTINOV<br><br>A.K.A. SALIH | No. 06mj336<br><br>**ORDER** |

_____

This matter comes before the court pursuant to the arrest of the defendant pending extradition proceedings. The defendant is wanted by the Country of France. It has issued a warrant for his arrest for alleged trafficking in prostitution. The government complied with the requirements necessary to take him into custody in the Northern District of Iowa. The court held an evidentiary hearing in this matter on December 1, 2006. Mr. Martinov was present and represented by John J. Bishop. The government was represented by Assistant United States Attorney Kandice A. Wilcox. The defendant's request for bail pending extradition is denied.

Alexandre Martinov was naturalized as a citizen of the United States in 1999. He holds dual citizenship with the United States and Bulgaria. He holds a current valid United States passport and states that his Bulgarian passport has lapsed. He has lived at the same address in Waterloo, Iowa, for the past four and a half years. He has been successful as a restaurant chef and has made regular appearances on local television shows demonstrating his cooking ability.

The defendant has a mother and son in Bulgaria and a wife whom he recently married who is in Turkey. He supports each of these persons financially. In 2006 he was in Bulgaria for approximately two months visiting relatives. He has no known criminal history.

Had this been a criminal charge in the United States, the court assumes that it could fashion conditions of release. The court would be concerned about the defendant's ties and citizenship with Bulgaria, the serious nature of the charges pending against him, and his ability to travel internationally. However, the court would most probably fashion conditions of release that would involve severe travel restrictions with electronic monitoring and a GPS device.

However, the Bail Reform Act applicable to criminal cases in federal court does not apply to extradition proceedings. In fact, there is a strong presumption that bail should not be granted in an extradition case. Beaulieu v. Hartigan, 554 F.2d 1 (1st Cir. 1977). Bail may be granted in extradition proceedings only in special circumstances. However, the mere fact that the defendant would otherwise be an acceptable bail risk does not qualify as a special circumstance. United States v. Williams, 611 F.2d 914, 915 (1st Cir. 1979). Financial and emotional hardships also do not constitute special circumstances justifying bail in an extradition case. Matter of Russell, 805 F.2d 1215, 1217 (5th Cir. 1986).

In this case, the defendant contends that special circumstances are found in his employment, his financial support of family members, and his assertion that bail will be available in France upon his extradition. For the reasons cited above, the court disagrees.

Upon the foregoing,

IT IS ORDERED

That the defendant shall be detained pending extradition proceedings.

December 1, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT